OSBORN R. KEITH

*v.*

JAMES MAFIT.

</div>

38  303
70a 407

1. PLEADING—*what must be specially pleaded.* Evidence to prove a total, or partial failure of consideration, is inadmissible under the plea of the general issue. These defenses be presented by special plea.

2. EVIDENCE—*proving contents of written instruments.* The contents of written instruments can not be proved, without first laying the proper foundation for such testimony.

3. SAME—*how payment may be proved.* A payment, evidenced by a receipt, may be proved by a witness, or by the production of the receipt itself; and when proven by a witness, he must know the fact independent of the instrument.

WRIT OF ERROR to the Circuit Court of Kankakee County; the Hon. CHARLES R. STARR, Judge, presiding.

The opinion states the case.

Mr. STEPHEN R. MOORE, for plaintiff in error.

Mr. H. LORING, for defendant in error.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

This was an action of assumpsit, on a promissory note. The declaration contained a special count and the common counts. Defendant below filed the general issue and a special plea, in the latter of which it was averred that defendant purchased a farm of plaintiff and paid the larger portion of the price in money and property, and gave the note in suit for the remainder. That at the time it was given, plaintiff alleged that there were fifty acres of rye, two thousand feet of lumber, thirty cords of wood, twenty stands of bees, and one bee house, on the place, which were included in the sale for which the note was given; also, that he represented the farm to be free from incumbrance by taxes or assessments. It further avers that the defendant, relying upon these representations, was induced to give the note, when, in fact, the rye was the property of another person and the farm was not free from incumbrance by taxes and sales for taxes, that the fence-boards, wood, bees and bee house, were never delivered to the defendant, and

that he, to preserve the title to the farm, was compelled to pay taxes and make redemptions to the amount of three hundred dollars, and to obtain the rye he was compelled to pay one hundred dollars, and that the articles thus sold and never delivered were worth one hundred dollars.

The plea does not conclude as a set off, or a plea of total or partial failure of consideration, and is, in other respects, inartificially constructed. Nor does the record show that any replication or demurrer was ever filed to it. But it appears that a trial was had, either under this plea or under the general issue, or both. If this special plea was disregarded by the parties, then the evidence was inadmissible under the general issue to prove a total or partial failure of consideration. Both of these defenses must be presented by special plea. However unusual and out of the course of regular practice it may have been, we must presume that the parties regarded the special plea as presenting a defense of some kind, and that the evidence was introduced under that plea, as it was unauthorized by any other plea.

The evidence shows that the trade was made, and property in Iowa was conveyed, in exchange for the greater portion of the price of the farm. But a balance of five hundred dollars remained, one hundred dollars of which was to be paid in money and a note given for four hundred dollars. It seems that the trade was made the last of February or the first of March, 1860, and the note bears date the 24th of January, 1860. The trade was made at Clinton, in Iowa, and the note seems to have been given at Chicago, Illinois. There was no evidence tending to connect this note with the transaction, and we are at a loss to perceive in what manner the payment of the taxes by defendant below, or the failure to obtain the articles of property purchased, could be held to constitute a failure of consideration to this note, executed a month or more before the sale occurred.

But treating the plea as one of a failure of consideration, was the defense established? As between the parties to this

suit the bill of sale from Blakesley to Butts, was not evidence that the title to the rye was in the latter. It was not an admission by plaintiff below, that he was not the owner. He was neither a party nor a privy to that transaction. Blakesley should have been called as a witness if his evidence was relied upon to establish ownership in himself. His mere written declaration of that fact was insufficient, and the bill of sale amounted to nothing more. This was not sufficient to prove the ownership in him, and the court erred in admitting it as evidence. Again, there seems to have been forty-five or fifty acres of rye, and this bill of sale was for only twenty-two, and there was no evidence as to the ownership of the remainder. As to the balance there seems to be no evidence that plaintiff below was not the owner. And if he was the owner of that portion there could be no pretense of a total failure of consideration even if the note was connected with the transaction.

The evidence of the witnesses as to the tax receipts and certificate of redemption was improperly admitted. Witnesses have no right to testify as to the contents of written instruments unless the proper foundation is laid, which was not done in this case. A payment, evidenced by a receipt, may be proved by a witness or by the production of the receipt itself, but when it is proven by a witness he must know the fact, independent of the receipt. He can not state what he has learned from the receipt, but it must be from other and independent sources. In this case the witness only testified to what he learned from the receipts. But as the receipts and certificates of redemption were introduced in evidence, we would not incline to reverse, unless it appeared that the witness testified to a larger amount than they showed to have been paid, which appears to have been so in this case.

If the evidence had shown that this note was given for the articles referred to in the evidence, and the plea could be regarded as one of failure of consideration, it might be regarded either as a plea of entire or partial failure. And if there was only a part failure, then the verdict should have been for the

balance. But the first instruction given for defendant below fails to distinguish between a partial and a total failure of consideration. And yet there was evidence from which the jury would have been warranted in concluding that he received more than half of the rye, the ditching, and a portion of the lumber in the fence, yet the instruction informs them that a failure of consideration is a good and full defense. A partial failure of the consideration would be as fully embraced in this instruction as a total failure, and the instruction, we think, was calculated to mislead the jury and may have done so, and should have been modified before it was given. The judgment of the court below must be reversed and the cause remanded.

*Judgment reversed.*