158    LEGGAT *et al. v.* SANDS' ALE BREWING CO. [Sept. T.,

Syllabus.    Statement of the case.

# JOHN A. LEGGAT *et al.*

*v.*

# SANDS' ALE BREWING COMPANY.

1. WARRANTY. No particular form of words is necessary to make a warranty. The word warrant need not be used, but there must be some language to indicate the intention.

2. SAME—*liability for deterioration.* One who orders and purchases an article well known to him, for transportation and resale upon a venture, for his profit, can not, without express warranty, compel the vendor to cover loss by deterioration, resulting from unusual distance, time, and mode of transit. If ale sold and shipped at Chicago be of the quality ordered, the vendor is not held to a warranty that it will bear shipment, or be merchantable on arriving in Montana.

3. PLEADING—*custom.* A plea, that vendors of ale have a custom or usage of crediting purchasers with ale found unfit for use, is not supported by proof of loss in quality, after shipment to a distant territory upon a new venture, exposed to delays and subject to every variety of carriage.

4. CUSTOM. A custom must be general and uniform. It must be certain, reasonable, and sufficiently ancient, to afford the presumption that it is generally known.

5. PLEA—*failure of consideration,* must be specially pleaded. Where property is the consideration of a note, there can be no failure, except there be a warranty or fraud.

6. SET-OFF—*recoupment.* No warranty being established, evidence in support of set-off, or for purpose of recoupment, is not admissible under the general issue.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

This was an action of assumpsit, brought by Sands' Ale Brewing Company, to recover an unpaid balance upon a note for $2136, given by John A. Leggat and Alexander J. Leggat, upon a purchase of one hundred and fifty barrels of Sands' stock ale and two dozen brass faucets, of Sands' Ale Brewing Company, for shipment to Montana, to be there sold by Leggats in the course of their business.

The declaration contained a special count upon the note, and the usual common counts.

The defendants pleaded the general issue and several special pleas, averring warranty on the part of the vendors in their promise to ship to Montana said one hundred and fifty barrels of ale, to be there offered and sold as a merchantable beverage, but that on arriving by the usual modes of transportation, it was found sour and unfit for use, whereby the consideration, except $200, failed, constituting breach of warranty. The defendants also pleaded set-off, and claimed for their charges and damages resulting from the breach alleged.

The plaintiff below replied, in substance, that the ale delivered was of the quality contracted for, and that they did not warrant said ale to be of the quality and fit for the purposes alleged in said plea, in manner and form as alleged.

The proof showed that the purchasers well knew the quality of Sands' ale ; that in ordering, they said, "Please select the ale as flat as possible, as it will be sixty days in transit ;" and that they considered the transaction a venture, promising large profits. The shippers wrote, "The quality of the ale is our very choicest summer stock ;" and, "We sent the very best and oldest summer stock we had in our cellar—ale which was made in December last, and which you will hear a good report of should it reach its destination."

Verdict for balance due ; motion for new trial overruled ; exceptions taken ; judgment entered, and appeal.

Mr. GEORGE L. PADDOCK and Mr. GEORGE O. IDE, for the appellants.

Messrs. HOYNE, HORTON & HOYNE, for the appellees.

Mr. JUSTICE THORNTON delivered the opinion of the Court :

Two questions arise in this case for our consideration :

*First*—Whether the proof, offered by appellants, was competent under the special plea of partial failure of consideration?

*Second*—Whether it was competent under the plea of the general issue ?

Appellants purchased of appellees, by letter, a quantity of ale, and directed its shipment from Chicago to Montana, for which the note, sued on, was executed.

The only averment in the special plea necessary to be noticed, is to the effect that the ale was warranted to be reasonably fit for transportation to Montana, and there to be used and sold as a merchantable beverage.

The only construction to be given to this plea is, that the ale was suitable for such purposes at the time of the purchase.

No particular form of words is necessary to make a warranty. The word warrant need not be used, but there must be some language used to indicate the intention of the party, to oblige himself that the article shall be of the quality stated in the plea.

The warranty as set up in the plea was, that the ale, at the time of the sale, was not only suitable to be transported to Montana, but that it should be merchantable upon its arrival there.

Appellants remark in one of their letters, "Please select the ale as flat as possible, as it will be sixty days in transit." It was shipped on the last of April.

It would be most unreasonable that any man, under such circumstances, would make such a warranty.

The letters offered in evidence to sustain the plea, wholly fail to do so.

The first two letters between the parties merely amount to a proposal to purchase, and an agreement to sell.

The next letter from appellants was an order of one hundred and fifty barrels of stock ale, to be as "flat as possible." Appellees replied in three successive letters, stating the shipments, and remarking in the last one, "The quality of the ale is our very choicest summer stock."

The last letter of appellants enclosed the note sued on, and they ask, "Did you not make an error in charging the ale at $14? We were figuring it at $13.24."

To this, appellees sent a reply, acknowledging the receipt of the note, and stated: "We did not make any mistake regarding the price of the ale sent you. We sent the very best and oldest summer stock we had in our cellar—ale which was made in December last, and which you will hear a good report of should it reach its destination."

The order was for a particular ascertained quality of ale, to be as flat as possible. The oldest summer stock was sent.

There is not an expression in the correspondence, on the part of appellees, which can be construed into a warranty or representation that the ale would bear shipment to Montana; that it was suitable to be transported there ; that it would be merchantable after the long transit to which it was to be subjected.

The language relied upon by counsel for appellants is contained in the last letter of appellees, already quoted: "We sent the very best and oldest summer stock," etc., "which you will hear a good report of should it reach its destination."

It is contended that this was a warranty of the quality of the ale. Concede that it was, and yet it does not support the plea. This language, as well as all the language of the correspondence, has reference solely to the quality of the ale in Chicago, and not in Montana.

The warranty in the plea is not sustained by the letters offered. On the contrary, they show that the transportation of the ale to Montana was a mere venture, which appellants were willing to risk, with the hope of realizing enormous profits, and without any thought or expectation of indemnity from a warranty.

Appellants next offered to prove, that good, merchantable Sands' ale, shipped from Chicago to Montana, would have arrived at the latter place in good condition, and that the ale in controversy was sour and spoiled, and worthless as a beverage when it reached its destination, and that it was the custom of the ale trade to credit the vendee with ale which was found unfit for use.

11—60th Ill.

This proof did not tend to establish the warranty, and was therefore inadmissible in support of the special pleas, for they contain no averment that the quality of the ale was warranted at the time of shipment, or that it was unfit for use when shipped.

But counsel insist that the evidence offered was proper under the second special plea, which they seem to regard as also a plea of partial failure of consideration, and urge that it avers that the ale was unmerchantable when shipped. If this construction of the plea be correct, still it avers a warranty, by express reference to the first special plea, of the same character as the latter plea, and the facts proposed to be submitted would not constitute even the semblance of proof of such warranty.

This second plea is rather anomalous, and we have grave doubts as to its character. It avers an express warranty of the ale; a breach which occasioned a loss of all but $200 worth; a reliance on the warranty; the advancement of money towards the purchase, in addition to the note; the payment of freight and charges upon the ale; the liability, undertaking and promise of appellees to refund the freight and charges, and payment made; and then concludes with the usual averments of indebtedness, and a willingness to set-off, as in a plea of set-off.

We think that the replication to this plea, in the court below, properly recognized it as a plea of set-off. In support of it as such, the proof was properly excluded. It neither showed liability nor promise on the part of appellees to refund the payment advanced, or the freight paid.

The evidence offered as to the usage of brewers, was properly refused.

No ale had been shipped from Chicago to Montana during the season of the sale, or the previous season. Appellants, in their letters, termed the shipment a venture, and remarked that the ale would be sixty days in transit; would readily sell in Montana at twenty-five cents a glass, in gold; and, "should

the venture prove a success, we hope, next spring, to give you an order for at least five hundred barrels."

It is most unreasonable to make any application of this usage, to ale shipped to this distant territory, exposed to delays, and subject to every variety of carriage.

A custom must be general and uniform. It must be certain, reasonable, and sufficiently ancient to afford the presumption that it is generally known.

This was not a general custom which existed by the common law; it was a particular custom, and was inadmissible under the pleadings.

A particular custom must be stated in the declaration, and the rules, as to stating customs, are the same in pleas as in declarations, only greater strictness is required in pleas. 1 Saund. Pl. and Ev. 884–5–6.

The proposed evidence could not be admitted under the general issue for the purpose of recoupment.

The effect would be virtually to repeal the statute which permits the filing of the pleas of failure and partial failure of consideration.

Such defense would also be in conflict with former decisions of this court.

Leaving out of consideration the special pleas between which, and the proof, there is an irreconcilable variance, the only plea was *non-assumpsit.* Under it, a party is not permitted to prove a failure, or partial failure, of the consideration of the note sued on. Such defense must be presented by special plea. *Keith* v. *Mafit,* 38 Ill. 304.

Where property constitutes the consideration of a note, there can be no failure of the consideration, unless there is a warranty of the soundness or quality of the property, or a knowingly false representation made in regard it. In this case there is neither, and there was sufficient consideration for the note. *Owings* v. *Thompson,* 3 Scam. 502; *Myers* v. *Turner,* 17 Ill. 179; *Richards* v. *Betzer,* 53 Ill. 466.

The judgment must be affirmed.

*Judgment affirmed.*