ALFRED M. WATERMAN

*v.*

A. JUDSON CLARK *et al.*

1. RECOUPMENT—*must proceed out of the same subject matter.* Recoupment and set-off are governed by different principles. In recoupment, a claim originating in contract may be set up against one founded in tort, and *vice versa;* the cross demand must proceed from the same subject matter as the plaintiff's right of action, and the defendant can not, as in the case of a set-off, recover any excess in his favor. It can only be used to mitigate or extinguish damages.

2. SAME—*need not arise as between all the parties.* In an action on a promissory note given by principal and surety on a contract of the principal, it is competent to recoup the damages of the principal growing out of the contract, to the same extent as if the note had been given by the principal, and he alone were sued.

3. SAME—*pleading.* A claim for recoupment is properly set up under the statute by special plea.

4. SAME—*principal and surety.* Whatever defense, by way of recoupment, will avail the principal, is also available to the surety.

5. SAME—*giving of a note with knowledge of the facts.* The right to recoup is not barred by the fact that the damages to be recouped were known to the party executing the note. While the note is an admission of the amount due, and evidence, it is not conclusive of a settlement or waiver of any claim for damages, especially when given under protest.

APPEAL from the Circuit Court of Hancock county; the Hon. JOSEPH SIBLEY, Judge, presiding.

Messrs. MARSH & MARSH, for the appellant.

Mr. W. C. HOOKER, and Mr. G. EDMUNDS, Jr., for the appellees.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action upon a promissory note, of which the following is a copy, to wit:

$124.49                    WARSAW, ILL., Feb. 16, 1870.

Three months after date, we, or either of us, promise to pay to the order of A. M. Waterman, $124.49, for value received, and with interest at the rate of ten per cent per annum from date.                    A. J. CLARK,

WM. N. McCALL.

The error assigned is, the overruling of a demurrer to defendants' fourth plea.

The plea, in substance, was, that Waterman, the plaintiff, on the first day of December, 1869, owned and was running a distillery, and took certain cattle and hogs of defendant Clark to take care of, feed and fatten, at plaintiff's distillery, at a certain price per head per month; that after plaintiff so having the stock for three months, Clark, finding that they were not being fattened, but had been and were being greatly injured and damaged for want of proper care and food at the distillery, demanded a return of the stock, which the plaintiff

refused to deliver to Clark, unless he would execute the note in suit; and thereupon the defendants, protesting that there was no consideration for the note, and to prevent further injury and damage to the stock by plaintiff's detention thereof, executed the note, Clark as principal and McCall as surety; that the stock, while in the possession of plaintiff, were not taken good care of, nor were they fattened, but were injured and damaged by the negligence of plaintiff, and by reason of his feeding of the same with improper and unwholesome food, in the sum of $300, which defendants claimed they were entitled to recoup to the amount of the note.

The objections taken to the plea are—

*First.* That the matter, in respect to which the damages are sought to be recouped, does not arise between the parties to the record, it arising between the plaintiff and one of the defendants, not both—that the same rule should apply to recoupment as to set-off. The objection would be valid if set-off and recoupment were governed by the same rules. But such is not the case; they depend on quite different principles. In the case of recoupment, a claim originating in contract may be set up against one founded in tort, and *vice versa. Streeter* v. *Streeter*, 43 Ill 197. The cross demand must proceed from the same subject matter as the plaintiff's right of action, and the defendant can not, as in the case of a set-off, recover any excess in his favor. He uses his claim in mitigation of damages, by way of reducing the amount of the recovery. It is a defense here against the note, to be availed of as any other defense against the note itself. We conceive it to be no more necessary here, that both the defendants should have sustained the damages to be recouped, than, in case there had been pleas of the want or failure of consideration for the note, it would have been essential that the principal and surety in the note should both have experienced the loss arising from the want or failure of consideration. In such case, the principal alone would be the one injured by the want or failure of consideration, yet the right of defense

in favor of both would be undoubted. The surety is not further bound than the principal, and is entitled to the same defense.

It is sufficient for recoupment, that the counter claims arise out of the same subject matter, and that they are susceptible of adjustment in one action. *Stow* v. *Yarwood,* 14 Ill. 424. We perceive no reason why, in an action on a promissory note given by principal and surety on a contract of the principal, it is not competent to recoup the damages of the principal growing out of the contract to the same extent as if the note had been given by the principal, and he alone were sued. In the case of *McHardy* v. *Wadsworth,* 8 Mich. 350, the precise question here raised was adjudged in favor of the right of recoupment, and that decision meets our full concurrence.

*Second.* The second objection is, that the plea sets up, by way of bar to a recovery on the note, matters of which the party had full knowledge when the note was executed.

We do not consider that the mere giving of the note for the feed of the stock, should be held a bar to Clark's claim for damages caused to the stock by reason of the manner in which they had been fed, although he was aware of the damage at the time. We can assign to it no higher effect than as an admission of the amount due, and ·evidence, but not conclusive, of a settlement or waiver of any claim for damages.

*Third.* The third and last objection is, that recoupment is a defense under the general issue. This was not assigned as cause of demurrer. Our statute requires the defense of the want or failure of consideration of a promissory note to be specially pleaded; in view whereof we regard the claim of recoupment as being properly set up by plea, thereby apprising the plaintiff in advance of trial of the matter of defense to the note.

We perceive no error in overruling the demurrer, and the judgment is affirmed.

*Judgment affirmed.*