GUY WILSON *et al.*

*v.*

HENRY W. KING.

1. CONTINUANCE—*showing on second application for same cause.* Where a cause has been continued on account of the illness of a co-defendant, afflicted with epilepsy, with occasional intervals of relief, who is desired as a witness, on a second application the party should show why he could not have taken his deposition after the previous term during such intervals, and procure the affidavit of the attending physician or other person familiar with the case, showing a probability of the recovery of the witness, so that his deposition can be taken, and the grounds for such belief.

2. PRACTICE—*time to amend pleas on nolle to special counts.* Where the plaintiff, after the impanelling of a jury, entered a *nolle* as to the special counts of his declaration, which were upon promissory notes, and the defendant asked leave until the next morning to amend his pleas, which were, partial failure of consideration to the special counts, and the general issue, and the court granted leave to amend *instanter*, refusing to postpone the trial: *Held*, no error.

3. SAME—*when objection to evidence must be specific.* A general objection to evidence will be regarded as going only to its materiality under the issues. Where assigned notes are offered under the common counts without proof of their execution and assignment, a general objection is properly overruled, and no specific objection can be urged in this court. The practice requires that the objection be pointed out, so as to afford an opportunity of removing it by other evidence.

4. FAILURE OF CONSIDERATION—*when it must be specially pleaded.* Where the declaration counts upon a promissory note, or contains the common counts only, and the plaintiff files a copy of the note sued on, with a

written statement that he will rely on the note alone for a recovery, the defendant will be required to plead specially a want of or a total or partial failure of consideration; but where the common counts alone are relied on, without such statement, the defendant may make such defense under the general issue.

5. GENERAL ISSUE—*evidence under, in assumpsit.* In assumpsit, the general rule is that a defendant may give in evidence, under the general issue, any matter which shows he was not indebted to the plaintiff when the action was brought, whether it be that he was never indebted or that the liability had been extinguished after it was incurred. Tender, the Statute of Limitations, alien enemy, and some other defenses, must be pleaded specially.

6. MEASURE OF DAMAGES—*under count for goods sold.* If a plaintiff surrenders a note given for the price of goods sold, and proceeds under the common counts, he can only recover their real value upon the defendants showing a warranty, its breach, and the difference in the goods as warranted and as they really were.

APPEAL from the Circuit Court of McHenry county; the Hon. THEODORE D. MURPHY, Judge, presiding.

This was an action of assumpsit, by Henry W. King against Guy Wilson and Isaac B. Stevens, upon four promissory notes, given by the defendants to Henry W. King & Co., and by them assigned to Henry W. King. The defendants pleaded pleas of partial failure of consideration to the special counts, and *non assumpsit* to the whole declaration. The other material facts are stated with sufficient fullness in the opinion of the court. The plaintiff recovered judgment and defendants appealed.

Mr. JOHN B. LYON, for the appellants.

Messrs. COON, BISHOP & CURTIS, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

It is first urged, that the court below erred in refusing to grant a continuance of the cause. The affidavit in support of the motion states that appellants' co-defendant, Stevens, was absent; that he had been, "ever since about the first of the preceding September, physically and mentally so incapacitated

as to render it impossible to take his deposition, and is now so ill as to be unable to attend at this term of the court." The affidavit states: " That from the nature of Stevens' illness, epilepsy, which gives him intervals of mental and bodily relief, he expects to be able to obtain his testimony, either by deposition or otherwise, in time for the next term of this court." Appellant, in his argument, concedes that the cause had been continued the last previous term of the court, on an affidavit substantially the same as this.

This affidavit discloses the fact that the evidence of Stevens would have been material under the issues, as then formed. But the question arises, whether, in other respects, the affidavit was sufficient. He then swore he expected to be able, notwithstanding the illness of the witness, to procure his evidence by the next term. In this affidavit he states the same, and says that witness is affected with epilepsy, which gives intervals of mental and bodily relief. If the witness had such intervals of relief, no reason is shown why his deposition had not been taken during some of those intervals. The fair and reasonable inference from the language of the affidavit is, that appellant expected to take his deposition during some of those intervals; and if he could do so in the future, why not have done so in the past?

Again, having procured one continuance on that ground, he should have made a stronger showing on the next application. He should have shown, that after the other continuance he could not take the deposition of the witness in such intervals, and the reason why it could not be done. He should then have procured the affidavit of the attending physician, or another familiar with the case, showing a probability of the recovery of the witness so that his deposition could be taken, and the grounds for such belief. Take the two affidavits together, and the court could not see that the witness would be improved in his mental and physical condition, or that he would be in any better condition to testify before the next term than he had been after the last preceding term, nor was it satisfactorily shown that his deposition could not have been

taken after the continuance of the case.   There was no error in refusing to continue the cause.

After the jury had been impanelled, and before any evidence was heard, appellee entered a *nolle prosequi* to the special counts of his declaration.   Appellants then asked leave until the next morning to amend their pleas.   This was refused by the court, but leave was given to amend instanter, but defendants declined to avail of the leave, and the trial thereupon progressed to its conclusion.

The special counts were on four promissory notes, given by defendants to Henry W. King & Co., and assigned to appellee, and defendants pleaded partial failure of consideration to the notes described in the special counts.   When they were stricken out, these pleas, of course, became inapplicable as a defense to the common counts, and hence the necessity of amending the pleas so as to present the defense under the common counts; and the court must have seen that it would require but a few minutes for any attorney to amend the pleas so as to be applicable to the common counts.   The amendment, as all know, could have been made so as not to delay the trial. This being so, the court, in the exercise of its discretion, allowed the leave to amend, if it had been accepted, on just and reasonable terms under the statute.

It is next urged, that the court below erred in admitting the notes in evidence under the common counts, without proof of their execution and assignment.   It is true that appellant interposed a general objection to their being read, but did not specify this or any other particular objection.   This court has repeatedly and uniformly held that the objection here urged must be insisted upon in the court below; that fair practice requires that the objection must be pointed out, that the other party may have the opportunity to remove it; and if not specifically made, the general objection will be regarded as only going to the materiality of the evidence under the issue.   The adjudications of this court announcing this rule run through the entire series of our reports, and must be familiar to the

entire profession, hence we deem it unnecessary to otherwise refer to or cite them.

After the notes were introduced in evidence, one of appellants offered to prove, by his own testimony, that the notes were given for a quantity of clothing purchased of Henry W. King & Co.; that they, when the sale was made, warranted the clothing to have been made of good material, and that they were well made; that the warranty had failed because the material was not good nor was the clothing well made, and the considera- tion had, in part, failed, as the goods were of less value than the price agreed to be paid. But the court refused to permit him to make the proof.

It is urged, that a partial failure of consideration could not be given in evidence under the general issue to the common counts. The cases of *Rose* v. *Mortimer*, 17 Ill. 475, *Keith* v. *Mafit*, 38 Ill. 303, and *Leggat* v. *Sands*, 60 Ill. 163, are referred to in support of the proposition. On reference to these cases, it will be observed that they were all actions on promissory notes, which were described in special counts.

Those cases were strictly in accordance with the ninth section of the chapter, entitled "Negotiable Instruments." It provides, that where a suit is brought on any note, bond, bill, or other instrument in writing, for the payment of money or property, etc., the maker may plead the want of consideration, or the entire or partial failure of consideration, as a defense to such action. According to the provisions of this section, when the action is on such an instrument, to be available such a defense must be pleaded—and these cases so hold. But when the suit is not brought on such an instrument, but the common counts are used, and such an instrument is read in evidence to sustain the money counts, must the same rule of practice prevail? If so, then the plaintiff may gain a decided advantage over the defendant by only pleading such counts, or special and the common counts, and entering a *nolle prosequi*, as was done in this case.

The rights of the parties should be mutual. If the note may be read in evidence under the common counts, the defense of

a want or a total or partial failure of consideration, should, in such case, be allowed under the general issue. Where the declaration counts on such an instrument, the defense, of course, must be made by plea; or even where the declaration only contains the common counts, and the plaintiff files a copy of the instrument therewith, and a written statement that no other evidence than the instrument of which a copy is filed will be offered on the trial, then a plea should be required.

When a suit is brought on such an instrument in writing, it is usual to add the appropriate common counts to avoid the effects of a variance. Suppose, in such a case, the instrument is excluded under the special counts on the trial, and the instrument is read under the common counts, shall the defendant be deprived of the defense which the statute intended to secure to him, when it exists against the instrument, because the court shall, in the exercise of a discretion, refuse to stop the trial, and permit the defendant to amend his plea to the special count, or plead anew? Or suppose the plaintiff should only file the common counts, without a copy of the note intended to be read in evidence, and on the trial should read the note in evidence, could a plaintiff thus deprive a defendant of such a defense? If so, such a practice would operate with great hardship upon defendants having meritorious defenses of this character. Neither party should be permitted to obtain an unfair advantage of the other. All rules should be so applied as to promote instead of obstructing justice. Such is the object of all rules of practice adopted by courts.

If it be said, that, to permit the defendant to make this defense under the general issue, when the note is read in evidence under the common counts, would lead to surprise on the part of the plaintiff, the same would be true of the defendant when he has no notice by a special count, describing the instrument relied upon for a recovery. Again, the plaintiff can always avoid surprise by declaring specially, thus giving the defendant a fair opportunity of presenting his defense. But if he prefers to rely upon the common counts, he must take

the hazard of having such a defense made under the general issue.

In an action of assumpsit, the general rule is, that a defendant may give in evidence, under the general issue, any matter which shows he was not indebted to the plaintiff when the action was brought. And this is true, whether the defense be that defendant was never indebted to plaintiff, or that the liability has been extinguished after it was incurred. Tender, the Statute of Limitations, alien enemy, and some other defenses, must be pleaded specially. 1 Chit. Pl. 514–15. There are a few special pleas that may be pleaded, but are not required to be, but usually not, when they amount to the general issue.

. Had appellee chosen, he could have surrendered the notes and had them canceled, and recovered under the count for goods sold and delivered. But, had he done so, he would have only recovered their value, as in that case appellant would have been permitted to have shown the warranty and its breach, and the difference in the goods as warranted and as they really were, and thus have reduced the recovery.

Under the general issue in this action, the true grounds of defense are seldom disclosed, nor is the real cause of action often disclosed by the common counts of the declaration. And yet the action is perhaps more used than any other, and it is seldom in practice that surprise upon the parties ever occurs.

We are clearly of opinion the court below erred in excluding the evidence offered to prove a partial failure of consideration after the notes were read in evidence, and the judgment of the court below must be reversed and the cause remanded.

*Judgment reversed.*

Mr. CHIEF JUSTICE SHELDON and Mr. JUSTICE CRAIG dissent.