JOHN B. SCHROER *et al.*

*v.*

BERNHARD WESSELL.

1. DEFAULT—*setting aside, is a matter of discretion.* The setting aside of a default is a matter within the sound legal discretion of the court, and unless there has been such an abuse of that discretion as works palpable injustice, it has not been the practice of this court to review the decision.

2. The fact that counsel, whom a defendant supposed he had engaged to make his defense, failed to do so, does not make it imperative on the court to

set aside a default entered against him, when there was time for him to have given his personal attention to his defense.

3. Pleading and evidence—*failure of consideration under general issue.* A failure or partial failure of consideration of a note sued on must be specially pleaded, to enable a party to make that defense. Evidence of it is not admissible under the general issue.

4. Parol evidence—*to vary written contract.* In a suit upon a note payable twelve months after its date, parol testimony is inadmissible to show that a second surety signed it on condition the payee would extend the time of payment, and would bring no suit thereon within that period, as it would be to vary the terms of a written contract by parol evidence.

Writ of Error to the Circuit Court of St. Clair county; the Hon. William H. Snyder, Judge, presiding.

This was assumpsit, by Bernhard Wessell against John B. Schroer, John Behrmann and Henry Kramper, upon a promissory note of the defendants, dated Nov. 26, 1867, for $800, payable to the plaintiff twelve months after the date thereof. At the April term, 1876, Schroer filed the general issue, and a default was taken against Behrmann and Kramper. On May 17, 1876, the latter entered a motion to set aside the default against him, based upon his affidavit, which motion the court overruled. A trial was had on the issue tendered by the defendant Schroer, resulting in a verdict and judgment of $919 in favor of the plaintiff, to reverse which the defendants Schroer and Kramper prosecuted this writ of error.

Mr. William Winkelman, for the plaintiffs in error.

Messrs. Hay & Knispel, for the defendant in error.

Mr. Justice Scott delivered the opinion of the Court:

One ground of error insisted upon is, the court refused to set aside the default previously entered against defendant Kramper. While the court might, with great propriety, under the circumstances proved, have set aside the default and permitted defendant to plead, before the cause was reached for trial, yet we can not say there has been any such abuse of that

sound discretion with which the court is clothed as would justify this court in reviewing its decision.   Setting aside defaults has always been held to be a matter within the sound legal discretion of the court, and unless there has been such an abuse of that discretion as works palpable injustice, it has not been the practice in this court to review such decisions.

The defaulted defendant was served with process on the 29th day of March, and his default was not entered until the 20th of April.   Excluding the time he was detained at home on account of severe affliction in his family, there was still time that he could have given his personal attention to the defense of the action before default was entered, which he failed to do.   The fact that counsel, whom he may have supposed he had engaged to make his defense, failed to do so, did not make it imperative on the circuit court to set aside the previous default.   *Thielmann* v. *Burg*, 73 Ill. 293.

As respects the other point made, that proper evidence offered by Schroer was rejected by the court, the decision might be rested on the single ground the testimony offered was not admissible under the general issue, and that was all the plea he had on file.   According to previous decisions of this court, a failure or partial failure of consideration of the instrument declared on must be specially pleaded, to enable the party to make that defense.   *Leggat et al.* v. *Sands' Ale Brewing Co.* 60 Ill. 158.   But the testimony proposed to be given did not even tend to show there had been any failure of the consideration of the note, and for that reason it was properly excluded.   By the terms of the note it was payable absolutely twelve months after date, which period had elapsed before suit.   It was proposed to give testimony to show that Kramper signed it as surety after it had been executed by the principal and his other surety, on condition plaintiff would extend time of payment, and would bring no suit thereon within that period, the effect of which, if admitted, would be to vary the terms of the written contract by oral evidence, which is not allowed under the rules of evidence.

No error appearing in the record the judgment will be affirmed.

*Judgment affirmed.*