## GEORGE F. SHELDON

*v.*

## EDWIN N. LEWIS.

*Filed at Ottawa February 3, 1881.*

1. PLEADING—*plea of want of consideration.* In a suit upon a promissory note, in which the declaration contained a special count on the note and also the common counts, the defendant pleaded, that the special and common counts in the declaration were for one and the same cause of action, and that said note in the plaintiff's declaration mentioned "was got and obtained of the said defendant without any good or valuable consideration whatever, by practicing unlawfully what is known as the confidence game by the criminal laws of the State of Illinois, used and practiced upon him by said plaintiff:" *Held* that the plea was good on general demurrer, as a plea of want of consideration, omitting the words "by practicing unlawfully what is known· as the confidence game," etc., which may be treated as surplusage.

2. A plea of want of consideration, alleging that the note sued on " was got and obtained of said defendant without any good or valuable consideration," instead of averring, in the language of the statute, that the note was made and entered into without a good and valuable consideration, while it may be bad in form and obnoxious to a special demurrer, is good in substance and not subject to a general demurrer.

3. SAME—*difference in plea of failure of consideration and want of consideration.* In a plea of failure of consideration it is necessary to show what the consideration was, and then aver wherein the consideration has failed, but when a plea of want of consideration is relied upon, the plea will be sufficient if it avers, in the language of the statute, or any equivalent language, that the defendant made the note described without any good or valuable consideration therefor.

4. SAME—*use of words "actio have" in plea.* The use of the words "*actio have*" in the introductory part of a plea, instead of "*actio non,*" was regarded a clerical mistake, and while such a mistake in the use of a single word might render the plea bad on special demurrer, it will not be bad in substance, and the defect can not be reached by general demurrer.

5. SAME—*whether plea is an answer to whole declaration.* A plea to a declaration containing a special count on a note and the common counts, commenced: "And for a further plea in this behalf the said defendant says *actio have,* because he says that the special count and the common counts in plaintiff's declaration are one and the same cause of action," and then set up a want of consideration to the note in the special count: *Held,* that the plea

·was substantially good to the whole declaration, and that the defect in the introductory part could be reached only by special demurrer.

6. PLEADING AND EVIDENCE—*proof admissible under general issue.* The failure of consideration, or want of consideration, can not be proven under a plea of the general issue, but a defence of that character must be specially ·pleaded.

APPEAL from the City Court of Aurora; the Hon. FRANK M. ANNIS, Judge, presiding.

Mr. B. F. PARKS, for the appellant.

Mr. C. F. HOBERT, and Messrs. LELAND & GILBERT, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action of assumpsit, brought by E. N. Lewis against George F. Sheldon, on a promissory note dated February 29th, 1876, due in thirty days, given by the defendant to Lewis, for the sum of $800, with interest after due at ten per cent. The declaration contained a special count on the promissory note, and also the common counts. The defendant pleaded to the declaration, the general issue and two special pleas. The second one was as follows:

"And for a further plea in this behalf, the said defendant says *actio have*, because he says that the special count and common counts in plaintiff's declaration are for one and the same cause of action. That said promissory note in plaintiff's declaration mentioned was got and obtained of the said defendant without any good or valuable consideration whatever, by practicing unlawfully and feloniously what is known as the 'Confidence Game,' by the criminal laws of the State of Illinois, used and practiced upon him by said plaintiff, and this he is ready to verify, wherefore he prays judgment, etc."

In the third plea the defendant set up substantially the same defence relied upon in *O. O. & F. R. V. R. R. Co.* v. *Black,* 79 Ill. 262, and *Hays* v. *O. O. & F. R. V. R. R. Co.* 61 id. 422.

41—97 ILL.

To the two special pleas plaintiff interposed a general demurrer, which the court sustained, and, the defendant electing to abide by the pleas, judgment was rendered for the amount due upon the note.

As respects the third plea we are of opinion the matters therein set up did not constitute a legal defence to the promissory note sued on, and, for the reason given in the *Black* and *Hays* cases, cited *supra*, we think the demurrer to that plea was properly sustained. In regard to the first special plea, when the case was before us on the former hearing we held that the plea was in substance good, and in deciding the question, said : " The first special plea is not a plea of failure of consideration, as contended on the argument, but it is a plea of want of consideration. In a plea of failure of consideration it is necessary to set up what the consideration was, and then aver wherein the consideration has failed ; but when a plea of want of consideration is relied upon, as was held in *Honeyman* v. *Jarvis*, 64 Ill. 366, the plea will be sufficient if it avers, in the language of the statute, or any equivalent language, that defendant made the note in the declaration described without any good or valuable consideration therefor. It is expressly averred in the plea that the note was 'got and obtained of the defendant without any good or valuable consideration whatever.' If the pleader had stopped here there could be no question in regard to the sufficiency of the plea, but he added the words ' by practicing unlawfully and feloniously what is known as the confidence game.' Did the addition of these words destroy the substance or effect of the plea? We think not. These latter words neither added to nor detracted from the force or effect of the plea. They may be rejected as surplusage, which will leave the plea a good one of want of consideration. As to this plea we are of the opinion the demurrer should have been overruled."

Upon further consideration we perceive no reason for modifying or changing what was said on the former hearing.

In the argument, however, on the rehearing, objections are made to the plea which were not relied upon in the original argument, which we will now consider.·

The first objection made to the plea is that the words *actio have* are used in the introductory part of the plea, when the pleader should have used the words *actio non*. The use of the word *have* instead of *non* was, doubtless, a clerical mistake in drafting the plea or making up the record by the clerk, and while a mistake of that character in the use of a single word might have rendered the plea bad on special demurrer, had one been interposed, we do not regard the plea defective in substance, and, hence, the defect could not be reached by general demurrer.

· It is next urged that the plea is bad "because it is an answer, if an answer at all, to but one count of the declaration, to-wit, the special count." It will be observed that the pleader undertook, in the introductory part of the plea, to aver "that the several supposed causes of action in the several counts in the declaration mentioned are for one and the same thing, to-wit, the promissory note in the first count mentioned," and it is conceded in the argument that if the plea had contained such language it might be held good on general demurrer. The plea, however, contains this language: "And for a further plea in this behalf the said defendant says *actio have*, because he says that the special count and the common counts in plaintiff's declaration are for one and the same cause of action." It may be true that the language first indicated might have been used with more propriety in pleading, but that is not the point. The question presented by the record is, whether the plea is defective in substance. The demurrer was general, and if the plea was substantially good the demurrer ought to have been overruled, although the plea might have been bad on special demurrer, had one been filed, as a general demurrer reaches only substantial defects in a pleading. In Chitty on Pleading, vol. 1, page 528, it is said: "The common

allegation in a plea, by way of introduction, that the cause
of action laid in one count and the cause of action laid in
another count are one and the same, showing matter in dis-
charge of one cause of action, only seems to render the plea
defective as amounting to the general issue. The fault in
question is no ground of error, and can only be objected to
by special demurrer." In *Case* v. *Boughton,* 11 Wend. 106,
where the declaration contained two counts on the same in-
strument, and there was no plea to the second count, but in
the plea to the first count it was averred that the instrument
set forth in that count was the same identical instrument set
forth in the second, the court held that it could not be
objected, upon general demurrer, that there is a defence
to only one of the causes of action set forth in the declara-
tion. It is there said, "It is objected to the second,
third, fourth and fifth pleas that they set up a defence
to one of the causes of action only. That objection is
satisfactorily answered by a reference to 'the commence-
ment of those pleas severally, in which they answer the
instrument in the first count, adding, 'and which is
same identical agreement or memorandum set forth in the
second count of said declaration.' This is certainly suffi-
cient upon general demurrer. The answer given is to the
instrument, and the same instrument is counted upon in each
count." It will not be necessary to multiply authorities on
this question. We are satisfied that the objection urged
against the plea is one that could only be reached by special
demurrer. But it is contended that if the defence, want of
consideration, could have been introduced under the general
issue, the defendant was not injured by the decision of the
court in sustaining the demurrer to the second plea, and,
therefore, the judgment should not be reversed for that
reason alone.

It is true, that an error which does no harm is no ground
for reversing a judgment, but the law is well settled in this
State that the failure of consideration, or want of consider-

ation, can not be proven under a plea of the general issue, but a defence of that character must be specially pleaded. *Rose* v. *Mortimer,* 17 Ill. 475; *Keith* v. *Mafit,* 38 id. 304.

It is also contended that the plea is defective, because it is not therein averred, in the language of the statute, that the note was made and entered into without a good and valuable consideration,—that the language of the plea that the promissory note "was got and obtained of the said defendant without any good or valuable consideration," is not sufficient. It may be, if this objection to the plea had been raised by special demurrer, it might have been proper for the court to have held that the defendant should use different words in setting up his defence, but it is apparent that the objection goes to the form rather than to the substance of the pleading, and, hence, could not be reached by general demurrer.

Whether the defendant will be able to establish the defence he pleaded, a want of consideration to the note upon which the action was brought, we, of course, have no means of knowing; that point does not now arise. The only question presented by the record is one of pleading. We are satisfied that the defendant's second plea was, in substance, good, and as the court held otherwise, and thus precluded the defendant from making a defence to the action, the judgment will be reversed and the cause remanded.

*Judgment reversed.*

Mr. CHIEF JUSTICE DICKEY did not participate in the decision of this case.