## ALBERT BURLINGAME
## v.
## WILLIAM K. DAVIS.

1. PLEA OF SET-OFF—RECOUPMENT.—Where plaintiff sued defendant in assumpsit upon a note, and for balance of money due, and defendant pleaded among other things a set-off, and introduced evidence to prove that plaintiff, having had a chattel mortgage to secure the payment of the note in question had foreclosed the same, and had agreed before the sale to buy in the property or have it bought in for defendant's benefit and permit him to redeem it, and that by reason of this understanding there was no competition at the sale and the property was all bought in by plaintiff's son at a very low figure, and that defendant's loss by reason of this conduct of the plaintiff exceeded the indebtedness due from the defendant, and a verdict was rendered for a surplus to the defendant. *Held*, that the evidence fails to sustain the plea of set-off. In recoupment the defendant could utilize his damages only for the purpose of reducing the plaintiff's claim or wholly meeting it, and if he would recover more he must withhold it as a defense and make it the subject of a separate suit.

APPEAL from the Circuit Court of Randolph county; the Hon. AMOS WATTS, Judge, presiding. Opinion filed October 10, 1883.

Mr. JOHN MICHAN, for appellant; that an instruction not founded on the evidence is erroneous, cited C. B. & Q. R. R. Co. v. George, 19 Ill. 510; Hosley v. Brooks, 20 Ill. 115; County Court, etc., v. Buck, 27 Ill. 440; Pfund v. Zimmerman, 29 Ill. 269; Prescott v. Maxwell, 48 Ill. 82.

It was error to deny the plaintiff the right to poll the jury: Johnson v. Howe, 2 Gilman, 342; Fox v. Smith, 3 Cow. 23;

Jackson v. Hawk, 2 Wend. 619; Root v. Sherwood, 6 Johns. 68; Lawrence v. Stearns, 11 Peck, 501.

Messrs. LINDSEY & SPRIGGS and Messrs. GORDON & HOOD, for appellee.

WALL, P. J. This was an action of assumpsit brought by appellant in the Circuit Court of Randolph county against the appellee.

The declaration contained a count upon a promissory note, a count for money paid to one Pope, for use of defendant, and common money counts.

The pleas were non-assumpsit, payment, and set-off, upon all of which there was issue, and a trial by jury resulted in a verdict for defendant against the plaintiff for $105.42, upon which, after overruling a motion for new trial, the court rendered judgment.

The plaintiff produced in evidence upon the trial the note declared on in the first count, and proved facts tending to sustain the allegations of the second count, but the main controversy grows out of the evidence offered by defendant and that of plaintiff offered in rebuttal.

This evidence tended to prove that the plaintiff, having a chattel mortgage to secure the payment of the note in question, foreclosed the same, and, as was maintained by defendant but denied by plaintiff, had agreed a few days before the sale to buy in the property, or have it bought in, for the benefit of the defendant, and permit him to redeem it; that by reason of this understanding there was no competition at the sale and the property was all bought in by a son of the plaintiff at a very low figure, and that the loss to the defendant by reason of this conduct of the plaintiff exceeded the indebtedness due from the defendant.

The evidence was sharply conflicting as to this alleged arrangement, as well as the circumstances attending the sale and the subsequent action of the parties. The only plea upon which a judgment could be rendered against the plaintiff and in favor of the defendant for the balance which the jury found was due the defendant, was the plea of set-off.

This was in the usual form and was for chattels by defendant, sold and delivered to the plaintiff, and from the description of these it may be presumed the plea referred to the property mentioned in the chattel mortgage.

Whatever the evidence may prove, it certainly fails to sustain this plea. There was no pretense in the proof that the plaintiff bought the property from the defendant.

On the contrary, that view of the evidence most favorable to the defense would be, that while the plaintiff agreed that he would buy it, or have Burch do so, for benefit of defendant, he did not, but sent his son who bought for himself, and that the plaintiff participated with his son in the profits of the fraud.

A sale involves a contract. A contract was alleged in the plea but there was no evidence to sustain the allegation, though there may have been some to establish another arrangement which was violated. We are unable to see that in any reasonable view of the case the plaintiff could be treated as a purchaser of the property. The essential elements of a bargain and sale as between the defendant and plaintiff, are wanting. If the alleged arrangement was fair and honest and was not vulnerable on the ground that it was in fraud of the rights of other creditors, and if by reason of the act of the plaintiff as alleged, in disregarding it, the defendant, acting in good faith in the belief it would be carried out, was damnified, he could probably maintain an action for the damages sustained, or, when sued on the original indebtedness, might recoup to the extent of the plaintiff's demand, but he could not in such proceeding recover judgment for the excess.

In recoupment the defendant can utilize his damages only for the purpose of reducing the plaintiff's demand, or wholly meeting it, and if he would recover more he must withhold it as a defense and make it the subject of a separate suit: Stow v. Yarwood, 14 Ill. 424; Streeter v. Streeter, 43 Ill. 155; Waterman v. Clark, 76 Ill. 428.

The verdict, therefore, was contrary to the law and evidence, and should not have been made the foundation for the judgment which was rendered.

Burlingame v. Davis.

Sundry objections are urged to the rulings of the court on admission of evidence, but we see nothing erroneous in this respect. The evidence complained of related to a part of the whole transaction, and was a part of the *res gestæ*, or if upon a close and critical view it can be said that any of it was irrelevant, the error is so unimportant as not to affect the result. While some criticism may be urged to one or more of the instructions, we find nothing calling for special notice in the view we take of the case. The verdict was quite informal, but this need not be discussed, as upon another trial care will doubtless be taken to prevent a recurrence of the irregularity.

For the error indicated the judgment will be reversed and the cause remanded.

Reversed and remanded.