## W. P. Dickinson v. Citizens National Bank of Franklin, Indiana.

1. PLEADING—*Failure of Consideration.*—A failure or partial failure of consideration of a note sued on must be specially pleaded to enable a party to make that defense. Evidence of it is not admissible under the general issue.

Assumpsit, on two promissory notes. Appeal from the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. Heard in this court at the March term, 1897. Affirmed. Opinion filed July 15, 1897.

JAMES L. CLARK, attorney for appellant, contended that recoupment may be shown under a plea of the general issue, citing Higgins v. Lee, 16 Ill. 495; Cooke v. Preble, 80 Ill. 381; Babcock v. Trice, 18 Ill. 420; Crabtree v. Kile, 21 Ill. 180; Mears v. Nichols, 41 Ill. 207.

PARKER & PAIN, attorneys for appellee.

It has been repeatedly held that want or failure of consideration as a defense to promissory notes, must be specially pleaded to be available. Rose v. Mortimer, 17 Ill. 475; Keith v. Mafit, 38 Ill. 303; Teuber v. Schumacher, 44 Ill. App. 577; Mann v. Smyser, 76 Ill. 365; Welch v. Hoyt, 24 Ill. 117; Wilson v. King, 83 Ill. 232.

It has been held in many cases that the defense of breach

of warranty of chattels for which a promissory note has been given is clearly in the nature of want or failure of consideration, and such defense must be pleaded or notice of it given under the statute. Beers v. Williams, 16 Ill. 69; Owens v. Sturges, 67 Ill. 366; Crabtree v. Kyle, 21 Ill. 180; Waterman v. Clark, 76 Ill. 428; Leggat v. Sands, 60 Ill. 158.

MR. PRESIDING JUSTICE ADAMS DELIVERED THE OPINION OF THE COURT.

Appellee sued appellant on two promissory notes. The declaration contains special counts on the notes and the common counts.

The appellant pleaded the general issue only. Appellee on the trial introduced in evidence the notes sued on, and proved the amount of interest due, and rested.

" It was admitted that the notes in question were not the property of the plaintiff, but were the property of one John R. Brickett, and the plaintiff was only interested as an agent for their collection."

Appellee was the legal holder of the notes, they having been indorsed to it by John R. Brickett, the payee.

The foregoing admission having been made, the appellee called as a witness, W. P. Dickinson, the appellant, who testified as follows :

" Q. What transaction did the notes, offered in evidence in this case, grow out of ?

A. Out of the sale of certain horses to me by John R. Brickett.

Q. State what the transaction was and the terms and conditions of the sale ? "

To which last question appellee's counsel objected on the ground that the evidence was inadmissible under the general issue, which objection the court sustained. Appellant's counsel then stated that he sought to recoup against the plaintiff's claim for damages resulting from a breach of warranty as to the soundness and breeding of the horses; that they were purchased under a warranty that they were sound and standard bred, and subject to be registered as

such; that Brickett had agreed to give appellant a pedigree showing their breeding and entitling them to be registered, when, in fact, they were unsound and not standard bred, and that Brickett had wholly failed, etc.

The court, on appellee's objection, excluded the evidence, and the defendant offering no further evidence, instructed the jury to find for the appellee. The appellant assigns this ruling of the court as error, and relies solely on this assignment for a reversal of the judgment.

Appellant's offer was to prove a partial failure of consideration, and the only question is whether such proof was admissible under a plea of the general issue.

The law is well settled by numerous adjudications, that proof of failure or want of consideration can not be made under the general issue pleaded to a declaration containing a special count on a promissory note. Rose v. Mortimer, 17 Ill. 475; Keith v. Mafit, 38 Ill. 303; Leggat et al. v. Sands Brewing Co., 60 Ill. 158; Waterman v. Clark et al., 76 Ill. 428; Wilson et al. v. King, 83 Ill. 232; Schroer et al. v. Wessell, 89 Ill. 113; Sheldon v. Lewis, 97 Ill. 640.

The decisions cited are strictly in accordance with section 9 of the statute entitled "Negotiable Instruments," which provides that when an action is brought on a note, failure of consideration, total or partial, may be pleaded.

To permit proof of such failure under the general issue to a declaration containing a special count on the note, would, as the court has well said in Leggat et al. v. Sands Brewing Co., *supra*, be virtually to repeal the statute which permits the filing of pleas of failure and partial failure of consideration.

The judgment is affirmed.