## IDA C. NYE *vs.* REUBEN A. CHACE.

Norfolk. March 9. — May 11, 1885. W. ALLEN, COLBURN, & HOLMES, JJ., absent.

In an action on a promissory note, there was evidence that the payee had a claim against the maker's wife, of whose estate the maker was administrator and sole distributee; that the note was given in settlement of this claim; and that the payee forbore to prosecute her claim for services until it was barred by the statute of limitations. *Held,* that there was sufficient evidence of consideration.

If A. makes a claim upon B., and B. delivers his promissory note to A., and by his words or acts induces A. reasonably to understand that it is delivered in settlement of the claim, it is no defence to an action on the note that B. secretly intended it as a gift.

CONTRACT upon a promissory note. At the trial in the Superior Court, before *Mason*, J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions, which appear in the opinion.

*C. F. Perkins & R. C. Lincoln*, for the defendant.

*F. D. Ely*, for the plaintiff, was not called upon.

MORTON, C. J. The only defence relied upon at the trial was that the note in suit was a gift from the defendant to the plaintiff, and that there was no legal consideration for it. The plaintiff and the defendant were the principal witnesses, and they contradicted each other. It was for the jury to determine which of them was to be believed.

If the jury believed the plaintiff, there was evidence to justify the finding that there was a sufficient consideration. It tended to show that the plaintiff had a claim against the defendant's wife, of whose estate he was the administrator and sole distributee; that the note was given in settlement of that claim; and that the plaintiff forbore to prosecute her claim against the estate until it was barred by the statute of limitations.

The defendant asked the judge to instruct the jury, that, "if the defendant intended the note to be a gift to the plaintiff, it was given without any legal consideration therefor, although the plaintiff may have supposed the note to be in payment for a prior indebtedness." The court gave the instruction, with the qualification, "unless the defendant by his words or conduct gave the plaintiff reasonable cause to believe, and the plaintiff was thereby led to believe, that the note was given in settlement of her claim against the estate of the wife for services, or of some claim in controversy between the plaintiff and the defendant."

The instruction given was sufficiently favorable to the defendant.

The question for the jury was whether the note in suit was given in settlement of the plaintiff's claim, or was a mere gratuity. If the plaintiff presented her claim, and the defendant gave his note, and, by his words or acts, induced her reasonably to understand that it was given in settlement of her claim, he is bound by his words or acts, and cannot afterwards defend upon the ground that he had a concealed intention to regard it as a gift.                              *Exceptions overruled.*