Filed Dec. 22, 1888.

———◆———

No. 13,465.

KAYSER ET AL. v. HODOPP ET AL.

DECEDENTS' ESTATES.—*Widow.*—*Election to Take Under Will.*—*Promissory Note Given for Husband's Debt.*—*Consideration.*—A widow who elects to take under her husband's will instead of under the law, takes the property devised to her subject to sale, if necessary for the payment of the husband's debts; and a note executed by her to secure the payment of a debt of her husband, which is a charge upon the property devised, is supported by a sufficient consideration, and may be enforced, notwithstanding subsequent proceedings releasing the widow from her election.

From the Ripley Circuit Court.
*J. G. Berkshire* and *C. H. Willson,* for appellants.

NIBLACK, J.—Suit by August Kayser and Frederick Hagner, partners, doing business under the firm name of Kayser & Hagner, against Mary A. Hodopp and Anthony Sauer upon a promissory note.

There was an answer in one paragraph, setting up special matters in defence, to which a demurrer was overruled, and upon which issue was afterwards joined.

A trial by the court terminated in a finding and judgment for the defendants, and error is assigned upon the overruling of the demurrer to the answer and upon the refusal of the court to grant a new trial.

The following facts were established at the trial.    Charles Hodopp died testate in Decatur county, in this State, on the 26th day of October, 1884, leaving the defendant Mary A. Hodopp as his widow, and after having devised and bequeathed to her all of his property, both real and personal, which might remain after his debts and funeral expenses were paid.    His will was admitted to probate soon after his death, and his widow elected to take under the will, proceeding afterwards to settle up the estate without procuring letters testamentary or of administration to be issued upon it. At the time of his death the decedent was indebted to the plaintiffs in the sum of $267.85 upon an open account.    On the 16th day of December, 1884, an agent of the plaintiffs called to see Mrs. Hodopp concerning this indebtedness, and demanded either payment or the execution of a note to secure its ultimate payment, proposing at the same time to take a note with security, payable in one year, with interest from date.    Mrs. Hodopp, accepting this proposition, executed the note sued on accordingly, and procured her co-defendant to sign it, also, as her surety only.    After this she sold some of the personal property bequeathed to her and collected some money on debts due to the decedent's estate, and from money thus realized she paid the funeral expenses and ordinary debts against the estate, amounting in the aggregate to several hundred dollars.    In June, 1885, a remaining creditor of the estate procured the appointment of one Rohr as administrator, with the will annexed, to whom Mrs. Hodopp turned over nearly all the personal property remaining in her possession, and the receipts taken by her for the funeral expenses and the other debts against the estate paid by her.    In September, 1885, in certain proceedings taken by her in the Decatur Circuit Court the election of Mrs. Hodopp to take under the

will was declared to be void, and ordered to be set aside and held for naught upon condition that she should account to Rohr, the administrator, for the sum of five hundred dollars, the amount estimated to have been collected and appropriated by her while the assets of the estate were in her possession. But at the time of the trial of this cause she had not fully accounted to Rohr for that amount, and the estate still remained unsettled.

These facts, first as set up by the answer and as afterwards established by the evidence, were held to be a good defence to the action, upon the assumption, as counsel assure us, that the note was thereby shown to have been executed without any good or valid consideration.

That assumption can not be maintained. A widow who elects to take under her husband's will instead of under the law, takes the property devised or bequeathed to her subject to sale, if necessary for the payment of the husband's debts, and a note executed by her to secure the payment of a debt of her husband, which is thus a charge upon the property devised or bequeathed to her, has the support of a good and sufficient consideration. Both of these propositions rest upon well recognized general principles, and are either directly or inferentially supported by our own decided cases. *Smith* v. *Baldwin*, 2 Ind. 404; *Millard* v. *Porter*, 18 Ind. 503; *Henry* v. *Ritenour*, 31 Ind. 136; *Young* v. *Pickens*, 49 Ind. 23; *Moncrief* v. *Moncrief*, 73 Ind. 587; *Crowder* v. *Reed*, 80 Ind. 1; *Baker* v. *Griffitt*, 83 Ind. 411; *Cole* v. *Lafontaine*, 84 Ind. 446; *Rogers* v. *Zook*, 86 Ind. 237; *Miller* v. *Buell*, 92 Ind. 482.

After Mrs. Hodopp elected to take under the will, she had the further election of either paying the debts and charges against her husband's estate, or of assuming to pay such debts and charges, and of thus releasing the property devised and bequeathed to her, or permitting the property to be sold and the proceeds to be applied in payment of those debts and charges.

As applicable to the debt due to the plaintiffs, she adopted the first alternative, by assuming the debt and making it her own, and the note having been thus executed upon a valid consideration, was not affected by the subsequent proceedings of the Decatur Circuit Court purporting to release her from her election to take under the will, and this would have been equally so if the condition imposed by that court had been fully complied with before the commencement of this suit.

The court below, consequently, erred in overruling the demurrer to the answer as well as in denying the motion for a new trial.

The judgment is reversed, with costs, and the cause is remanded for further proceedings.

Filed Jan. 3, 1889.