## W. S. Broom & Co., Appellees, v. R. C. Harrah et al., Appellants.

NEGOTIABLE INSTRUMENTS—*when consideration of note sufficient.*
*Held*, that the promissory note sued on in this case was sufficiently supported by a consideration, namely, by the acceptance of such note in lieu of another obligation due by third parties.

Action commenced before justice of the peace. Appeal from the County Court of Effingham county; the Hon. MICHAEL O'DONNEL, Judge, presiding. Heard in this court at the February term, 1908. Affirmed. Opinion filed September 12, 1908.

S. F. GILMORE, for appellants.

W. S. HOLMES, for appellees.

MR. JUSTICE MYERS delivered the opinion of the court.

This suit was brought before a justice of the peace by appellees, on the following promissory note:

"$31.60.

EFFINGHAM, ILL., Nov. 19, 1906.

Three months after date we promise to pay to the order of W. S. Broom & Co. $31.60, for value received, with interest at the rate of 6 per cent per annum from date, and, if the interest be not paid annually, to become principal, and bear the same rate of interest. This note is negotiable and payable without defalcation or discount, and without any relief or benefit whatever from stay, valuation, appraisement or homestead exemption law.

F. CUNNINGHAM,
R. C. HARRAH,
WILLIAM MEEKS."

Judgment was rendered against appellants, R. C. Harrah and William Meeks, by the justice of the peace, Cunningham not having been served. An appeal was taken to the County Court by Harrah and Meeks, where the case was tried by a jury, which returned a verdict for the plaintiff, on which judgment was ren-

dered and the defendants appealed. Complaint is made that the trial court erred in excluding evidence offered by appellants in defense. It appears from the evidence heard and offered that in May, 1906, Gussie Cunningham, wife of F. Cunningham, principal in the note sued upon, bought of appellees household goods amounting to $30.10 to be paid in monthly instalments of $10. The contract of sale was evidenced by a writing executed by Mrs. Cunningham, reciting that the goods received are held under a lease with forfeiture provision upon failure to pay the instalments. It further appears that no part of the purchase price was paid when due or thereafter until November 19, 1906, when F. Cunningham, with appellants as sureties, executed and delivered the note in question. The husband was liable under the statute for the debt made by his wife, but whether so or not, the acceptance of the note by appellees in payment was a valuable and sufficient consideration to sustain an action against the makers of the note. The acceptance of the note without any qualifying agreement to the contrary would, by operation of law, discharge the debt of Mrs. Cunningham and relieve her and her husband from liability under the original contract of purchase. The substance of appellant's offered evidence is, that when the note was due, Broom, manager for appellees, told appellants or one of them, that he (Broom) had a lease or lien upon the goods for which the note was given; that appellant Harrah advised Broom to take possession by replevin if necessary and that Broom, under the advice of attorneys consulted, concluded that he has no claim upon the goods. The contention of appellants that he might and should have seized the goods under the contract or lease made by Mrs. Cunningham is not tenable for one sufficient reason, not to mention others, and that is, that the evidence does not show that appellees had any legal claim or right to the property. The offered evidence that Broom said he had a lien does not prove that fact, and when it fur-

ther appears that the only possible claim was based upon the contract of sale or purported lease to Mrs. Cunningham, which was offered in evidence, it is clearly manifest that Broom was mistaken. That Mr. Broom informed Mr. Harrah that when he received the note Cunningham requested him to give up the lease and he refused to do so, proves nothing tending to impeach the consideration of the note, and it was for this purpose that the evidence was offered, for the surrender of the writing which evidenced the so-called lease does not appear to have been a condition for the giving of the note, and, certainly, was not the consideration moving appellants to sign as sureties, for their first and only information that "a lease" had been given was from the statement by Broom after the note was due. Even if the note may be regarded as additional security for the payment of Mrs. Cunningham's debt, and the contract held to be valid and binding as a lease or lien when the note matured, appellants could avail themselves of appellee's right under the lease only by paying the note and demanding the security—the contract with Mrs. Cunningham. Had the appellees *seized the property of Mrs. Cunningham and disposed of it,* they could have been charged with the proceeds as credits upon the note. This is. discussed in Phares v. Barbour, 49 Ill. 370, cited by both parties in this appeal. In that case the court says, "there seems to be little if any doubt, from the evidence, that the sureties as well as appellee, understood at the time (when the mortgage was given), that the execution of the mortgage was to release them from their liability—as sureties on the note." And further, "When appellee *took possession* of the property under the mortgage he thereby became a trustee, not only for Hoffman but for the sureties on the note. And occupying that relation he was bound to use all reasonable efforts for its preservation, and under the provisions of the mortgage, to sell it for the best price that could be obtained. A person thus situated, who

appropriated the trust property contrary.to the terms of the mortgage, must be held to account for its full value. He has no right to appropriate it contrary to the terms of the mortgage to his own use, and escape the effect of his violation of his trust by accounting for merely a nominal sum.'' In this case appellees did not have possession of the property, nor does it appear from evidence heard or offered that they had a legal right to take it if so disposed. In no sense is the controlling principle in the Phares case applicable to this case. Other authorities cited by appellants are without application under the facts in this case. The trial court ruled properly in excluding the evidence offered by appellants, and as there does not appear to have been any defense, appellees were entitled to verdict and judgment for the amount of the note and interest. The judgment will therefore be affirmed.

*Affirmed.*