Argued February 7, reversed March 6, rehearing denied April 3, 1917.

Second petition for rehearing denied April 10, 1917.

# WICKS v. METCALF.*

(163 Pac. 434; 163 Pac. 988.)

**Bills and Notes—Fraud—Mistake of Law.**

1. It is no ground for decree perpetually enjoining suit on notes given by plaintiff that she signed them on defendant's representing that her signature would not make her personally liable, since the misrepresentation or mistake was one of law against which relief will not be granted.

**Bills and Notes—Consideration—Sufficiency.**

2. Where a debt owing by plaintiff's husband was overdue, but by plaintiff giving the notes an extension of time for 18 months was obtained, there was sufficient consideration to support the new promise to pay by the plaintiff.

**Injunction—Actions—Pleading—Fraud.**

3. In suit to restrain action at law on notes, allegations that at the time of the execution of mortgage the plaintiff was informed by the defendants that in order to make the security good it would be necessary for the plaintiff to sign notes as well as said mortgage, and plaintiff, relying on the representations of defendant, that the execution of notes was simply for the purpose of making valid the security, executed notes along with her said husband are insufficient to state fraud, since to sustain a charge of fraud it must be stated that the representations were false; that the person making them knew they were false; that they were made with intent to defraud; and that the party seeking to be relieved from the fraud must have relied upon such representations.

> [As to when fraud in procuring the delivery of negotiable paper is available as a defense, see note in 37 Am. St. Rep. 458.]

**Bills and Notes—Validity—Fraud—Opinion.**

4. In suit to restrain action at law on notes on ground that plaintiff's signature was secured by fraud, the representations relied on being that the defendant said the security would otherwise be insufficient, and that plaintiff's signature was necessary to make the security good, such matter is an opinion, and does not afford a ground for charging fraud.

From Lane: GEORGE F. SKIPWORTH, Judge.

*On expression of opinion as fraud, see note in 35 L. R. A. 417.

On the question of consideration of new agreements altering, abrogating, supplementing or supplanting prior contract, see note in L. R. A. 1915B, 1.                                                    REPORTER.

Suit by Ida May Wicks against H. K. Metcalf and Andrew Brund. From a decree in favor of plaintiff, defendants appeal.        REVERSED.        SUIT DISMISSED.

REHEARING DENIED.

Department 1.        Statement by MR. JUSTICE BENSON.

This is a suit to enjoin the prosecution of a certain action at law as against the plaintiff. From the allegations of the complaint it appears that on March 15, 1912, Joseph Wicks, husband of plaintiff Ida May Wicks, was indebted to defendants in the sum of $1,238.53, and on that day the defendants asked Wicks to secure the debt by giving them his promissory note therefor, secured by a mortgage on certain real estate then owned by him, and at that time plaintiff and her husband did execute and deliver to defendants such mortgage. These recitals are followed by the following paragraphs:

"That at the time of the execution of said mortgage the plaintiff was informed by the defendants and believed that in order to make good the security aforesaid it would be necessary for the plaintiff to sign said promissory notes as well as said mortgage; and plaintiff relying on the representations of said defendants, and not otherwise, that the execution of said promissory notes was simply for the purpose of making valid the security aforesaid, executed said promissory notes along with her said husband, Joseph Wicks; and the same was delivered to the defendants. That the said representations on the part of the defendants were falsely and fraudulently made for the purpose of misleading and deceiving the plaintiff herein; and for the purpose of inducing the plaintiff thereby to become liable in her separate estate for the said indebtedness evidenced by said promissory notes.

"That at said date and prior thereto the plaintiff was not indebted to the defendants in any sums what-

ever and is not now so indebted, and never at any time agreed or consented to assume to pay any of said indebtedness of Joseph Wicks; and the execution by the plaintiff of the said promissory notes was without any consideration whatever, and the plaintiff on account of said false and fraudulent representations was induced to execute the same and never at any time believed and intended that said transaction should in any wise bind the plaintiff to pay any portion of said indebtedness.

"That on the —— day of ——, 1914, the defendants commenced an action in this court against this plaintiff and said Joseph Wicks upon said promissory notes and has caused an attachment to be issued in said action and the sheriff of Lane County, Oregon, has filed in this court a certificate of attachment to the effect that he has attached the real property of this plaintiff as security for whatever judgment may be obtained in said action."

The complaint concludes with a prayer for a decree perpetually enjoining defendants from levying upon. or selling plaintiff's property in said action and decreeing that she is not liable upon the notes. From a decree in favor of plaintiff, defendants appeal.

REVERSED.   SUIT DISMISSED.
REHEARING DENIED.

For appellants there was a brief over the names of *Mr. Fred E. Smith* and *Mr. J. E. Young,* with an oral argument by *Mr. Smith.*

For respondent there was a brief and an oral argument by *Mr. Edwin O. Potter.*

MR. JUSTICE BENSON delivered the opinion of the court.

1. Appellants contend that the amended complaint does not state facts sufficient to constitute a cause of

suit and we think that this position is well taken. The plaintiff admits that she signed the promissory notes and there is no hint in the pleading that she did not clearly understand their meaning and import. The substance of the allegation is that the defendants represented to her that it would be necessary for her to sign the notes as well as the mortgage in order to make good the security; that such representations were false and made for the purpose of deceiving her; and that she relied upon them and signed the notes. In other words, she inferred from what defendants told her that the act of signing the notes would not as a matter of law make her personally liable for her promise to pay. The authorities are practically uniform in their conclusion that such representations, even though false, do not afford any ground for relief. *Upton* v. *Tribilcock,* 91 U. S. 45 (23 L. Ed. 203), was a case wherein a subscriber for shares of stock in a corporation sought to avoid payment of a balance upon his subscription, because it was obtained by the false representations of an agent of the corporation, to the effect that he would only be liable for twenty per cent thereof, which he had already paid. In this case Mr. Justice HUNT says:

"That a misrepresentation or misunderstanding of the law will not vitiate a contract, where there is no misunderstanding of the facts, is well settled."

In *Fish* v. *Clelland,* 33 Ill. 243, cited with approval in *Upton* v. *Tribilcock,* 91 U. S. 45 (23 L. Ed. 203), we find the following:

"A representation of what the law will or will not permit to be done is one on which the party to whom it is made has no right to rely; and if he does so it is his folly, and he cannot ask the law to relieve him from the consequences. The truth or falsehood of such a

representation can be tested by ordinary vigilance and attention.''

In *Clem* v. *Newcastle & Danvill R. R. Co.*, 9 Ind. 488 (68 Am. Dec. 653), we find this language:

''As a general rule, a party who has been induced to execute an agreement, by reason of the fraudulent representations of the other party, may set up such representations in bar of an action on the agreement. But this rule is subject to various exceptions; and one of them occurs when the representations, though false, relate to the legal effect of the instrument sued on. Every person is presumed to know the contents of the agreement which he signs, and has, therefore, no right to rely on the statements of the other party as to its legal effect.''

In *Rogan* v. *Illinois Trust & Savings Bank*, 93 Ill. App. 39, it is said:

''Not only is it presumed that the law is 'equally within the knowledge of all parties' but no cause of action arises from or can be predicated upon a misunderstanding or misrepresentation of the law.''

In *Burt* v. *Bowles*, 69 Ind. 1, 6, we find this:

''These facts are concerning the law, upon which fraud cannot be predicated, however false and fraudulent they may be, and whether they are suppressions of truth or representations of falsehood. Every person is bound to know the law, and not to be deceived by its suppression or false representation. This is a necessary maxim, lying at the foundation of government and jurisprudence, and without which neither government nor jurisprudence could exist as a system.''

Counsel for plaintiff has not cited us to any cases which we regard as conflicting with this doctrine as applied to the case at bar. He appears to have relied largely upon the case of *Richmond* v. *Ogden Street*

*Ry. Co.,* 44 Or. 48 (74 Pac. 333), but the distinguishing features of that case, in comparison with the one at bar, are clearly seen when we recall that that was a suit to reform certain promissory notes wherein the scrivener had failed to insert a clause expressly agreed upon limiting the payment to certain funds. In the opinion in that case Mr. Justice BEAN emphasizes the distinction thus:

"There are, therefore, two well-defined classes of mistakes common to parties entering into contracts; (1) A mistake in law as to the legal effect of the contract actually made by them; and (2) a mistake in law in reducing to writing the contract, whereby it does not carry out or effectuate the intention of the parties. In the former the contract actually entered into will seldom, if ever, be relieved against, unless there are other equitable features calling for the interposition of the court. In the second class the mistake is not in the contract, but terms are used or omitted which give the instrument a legal effect not intended by the parties, and different from the contract actually made; and here equity will always grant relief, unless barred on some other ground. Now, in the case at bar, the mistake falls clearly within the latter rule. The contract made was definite and certain, but a mistake was made in reducing it to writing. The notes for the balance due upon the judgments were, under the contract, to be payable out of the trust estate, without any personal liability on the part of the trustees. In drawing the notes, Starr thought he was accomplishing this result; but, through a mistake as to the legal effect of the terms used, the notes were drawn so as to render the trustees personally liable thereon, and did not, therefore, carry out or effectuate the contract as made. A part of the contract was by mutual mistake omitted from the writing, and the notes should be reformed accordingly."

In this case nothing of the sort is presented. It is not claimed that the notes are otherwise than as agreed

upon, but the sole contention is that it was represented
to plaintiff that the contract as executed would not,
as a legal proposition, make her personally liable. We
find nothing in the pleadings to take this case out of
the application of the general rule and it follows that
the complaint does not state a cause of suit. The
decree is therefore reversed and one will be entered
here dismissing the suit. REVERSED. SUIT DISMISSED.

REHEARING DENIED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE HARRIS
and MR. JUSTICE BURNETT concur.

———

Rehearing denied April 3, 1917,
Second petition for rehearing denied April 10, 1917.

ON PETITION FOR REHEARING.

(163 Pac. 988.)

Petition for rehearing denied.

*Mr. Edwin O. Potter,* for the petition.

*Mr. Fred E. Smith* and *Mr. J. E. Young, contra.*

Department 1. MR. JUSTICE BURNETT delivered the
opinion of the court.

2. It will be remembered that the plaintiff instituted
this suit to enjoin the prosecution of an action at law
upon a note which she had signed with her husband
and secured by a mortgage on some of his realty
already similarly encumbered. The proceeds of the
sale under the foreclosure of the senior lien were not
sufficient to liquidate the note given to defendants in

this suit, in consequence of which, they brought the action at law sought to be restrained. The indebtedness represented by the notes in question was overdue and was owing by the plaintiff's husband. By giving the note with his wife's signature he secured an extension of time for eighteen months. This was a sufficient consideration to support the new promise to pay which the plaintiff executed, whether it be considered as a matter of advantage to her husband or disadvantage to the payees.

3. The allegation of the complaint upon which the plaintiff relies to defeat the note is this:

"That at the time of the execution of said mortgage the plaintiff was informed by the defendants that in order to make the security good it would be necessary for the plaintiff to sign said promissory notes as well as said mortgage."

In the amended complaint it is further stated:

"And plaintiff relying on the representations of said defendant, and not otherwise, that the execution of said promissory notes was simply for the purpose of making valid the security aforesaid, executed said promissory notes along with her said husband, Joseph Wicks."

The averments of the complaint are insufficient as a statement of fraud inducing the plaintiff to execute the contract. It is well established in this state as a rule for pleading fraud that it must be stated that the representations were false; that the person making them knew they were false; that they were made with intent to defraud; and that the party seeking to be relieved from the fraud must have relied upon such representations: *Rolfes* v. *Russel,* 5 Or. 400; *Dunning* v. *Cresson,* 6 Or. 241; *Martin* v. *Eagle Development Co.,* 41 Or. 448 (69 Pac. 216); *Anderson* v. *Adams,* 43

Or. 621 (74 Pac. 215); *Wimer* v. *Smith,* 22 Or. 469 (30 Pac. 416); *Bailey* v. *Frazier,* 62 Or. 142 (124 Pac. 643). Neither complaint conforms to this plain formula of pleading.

4. Moreover, the statement imputed to the defendants embodies merely their opinion as to the excellence of the security. It contains no representation of fact or of law. The event proved the soundness of their judgment, for if they had been compelled to rely upon the notes and mortgage without the plaintiff's signature to the former the security would not have been good. In order to make it good it seemed to them necessary that the plaintiff should be personally bound for the payment of the debts. The defendants cannot be blamed for their well-founded opinion. It does not amount to fraud in any event. The complaint does not in truth state a cause of suit. We therefore adhere to the former opinion. Reversed. Suit Dismissed.

Rehearing Denied.

Mr. Chief Justice McBride, Mr. Justice Benson and Mr. Justice Harris concur.