**SNODERLY, Appellant, v. BROWN AND FIRESTONE BANK, Appellees.**

Ohio Appeals, Ninth District, Summit County.

No. 4023. Decided October 12, 1949.

C. B. McRae, Akron, for appellant.
Carl M. Myers, Akron, for appellees.

### OPINION

By HUNSICKER, J.

In this appeal on questions of law and fact, the plaintiff (appellant), William E. Snoderly, seeks to rescind a contract which he entered into with the defendant (appellee) Margaret C. Brown, for the purchase of a dry cleaning business located on South Arlington Street in the City of Akron, Ohio.

Snoderly executed the contract of purchase on January 19, 1948, and took possession of the business on February 1, 1948. The contract purchase price of $19,000 provided for a payment of $10,000 cash and a note for $9,000, bearing interest at 6% per annum, with monthly payments of $200, beginning March 1, 1948. This note was secured by a chattel mortgage on the property sold.

Snoderly claims that, through the fraud and deception of Mrs. Brown, he was induced to enter into this contract. In his petition he alleges:

"* * * that said defendant falsely, fraudulently and deceptively represented to the plaintiff that the operation of said business and the building wherein said business is located complied with the laws of the State of Ohio governing the operation of a dry cleaning and dry dyeing plant using flammable liquids; that the defendant, Margaret C. Brown, had a permit from the State Fire Marshall for the operation of said business, and that the plaintiff would have no trouble in getting an assignment of the permit or getting a new permit from the Ohio State Fire Marshall; that said representa-

tions were false and fraudulently made by the defendant, Margaret C. Brown, and that said defendant knew said representations were false and untrue; that the plaintiff relied upon said representations and entered into said contract of sale and purchase of said business; that thereafter, to-wit on or about April 26, 1948, the plaintiff received from the State Fire Marshal an order to cease operation of said cleaning plant for the reason that the same did not comply with the laws of the State of Ohio governing the operation of dry cleaning and dry dyeing plants and refusing the plaintiff a permit for the operation of said dry cleaning business."

Mrs. Brown admits the execution of the contract, the cash payment, the note and chattel mortgage, and that Snoderly began the operation of the business on February 1, 1948. Mrs. Brown denies that any false and fraudulent representations were made to induce Snoderly to enter into the agreement, and says that Snoderly continued to operate the business and make payments on the unpaid purchase price for a period of time after taking possession of said business.

Mrs. Brown, by way of cross-petition, alleges a default in the monthly payments on the $9,000 note, and asks for judgment for the balance due on this note.

Snoderly, by way of reply, denies the claim that he operated the business for a period of time after discovering his lack of permit to operate a dry cleaning establishment, and says that, by reason of the fraud practiced upon him, the $9,000 note is void.

From a careful reading of the transcript of testimony, we are unable to find that actionable fraud was engaged in by Mrs. Brown, unless it shall be found that the statements made concerning the transfer of "fire permits" are sufficient to establish such fraud.

The contract of sale, executed January 19, 1948, contained, among other things, the following statement:

"* * * and seller further agrees to transfer all permits, including fire permits."

There had been some discussion between the parties concerning the transfer of a permit to engage in this type of business, of the necessity to have such a permit, and of the fact that the business did have such a permit. Mrs. Brown denies that she ever said the business had such a permit,

but it is agreed that the business had been in operation at the same location for more than four years.

Sec. 843-19, et seq., GC, govern the establishment and operation of a dry cleaning and dyeing business.

These sections of the General Code set forth; a definition of dry cleaning; the necessity of submitting plans of construction, erection or alteration of, or additions to, dry cleaning plants, to the state fire marshal for approval; the requirement for a permit from the state fire marshal to conduct such business; the necessity for the renewal of such permit; a requirement for the exhibition "at all times in a conspicuous place in the plant" of such permit, and a provision that "no one except the person, persons or corporation to whom such permits are issued shall have the right to operate any dry cleaning or dry dyeing business under any such permits"; a provision for refusal, suspension or revocation of permits by the state fire marshal; and a provision for the grouping of dry cleaning plants into four classes.

Before Snoderly could operate this dry cleaning business, it became incumbent upon him to obtain a permit. The permit, if any, which Mrs. Brown had, could not be the permit under which Snoderly could operate the business.

Such permit to operate this business was required to be "exhibited in a conspicuous place in the plant." If such permit, then, was in the possession of, and being carried around by, Mr. Brown (the former husband of Mrs. Brown), as Snoderly says Mrs. Brown informed him, it was in direct violation of this provision of the law.

Can we, then, have fraud in the inducement of the contract in the instant case, predicated upon a failure to transfer a permit, which, under the statutes, was required to be issued to Snoderly?

A misrepresentation of the law as to the right to transfer "fire permits" cannot form the basis of an action for fraud in the inducement to enter into this contract. Snoderly was presumed to know that a dry cleaning establishment is required to display a permit from the state fire marshal in such a place of business and of his need to personally secure such a permit. The maxim "ignorantia legis neminem excusat" is universally recognized as applicable to civil jurisprudence.

The law is well settled as it is stated in the first paragraph of the syllabus in the case of **Yappel v. Mozina, 33 Oh Ap 371:**

"1. Generally, mere misrepresentations of what the law is cannot form basis for an action of deceit, even though

representation was meant to be acted on and believed by parties to whom it was made and is acted on, since every man is supposed to know the law, and one believing statements made by another in that regard does so at his peril."

See also: **Yendes v. Shaw, et al., 52 Abs 154.**

We therefore find that the alleged misrepresentation of matters of law does not form a basis for rescission of the contract in the instant case.

Coming now to the cross-petition of the defendant (appellee) Mrs. Brown, we find that the conditions of her note have not been complied with, and that Mrs. Brown is entitled to a judgment for the amount now due thereon. This judgment shall be reduced by the amount of money counsel for Snoderly has in his possession, which, by agreement of the parties, was paid to counsel pending a final determination of the instant cause.

A journal entry may be prepared dismissing the petition of the appellant and awarding judgment to the appellee Margaret C. Brown as indicated herein.

STEVENS, PJ, and DOYLE, J, concur.